Wilde J.
delivered the opinion of the Court. This was an action of assumpsit on a promise of indemnity. The plaintiff was a deputy sheriff, and having in his hands an execution in favor of B. Pease against W. H. Folger, was directed by one Ashley, the agent of the creditor, to levy the same on certain chattels, supposed to be the property of Folger, but which were in fact the property of one Touro.
The execution was levied accordingly, and the proceeds of the sale of the property were paid over to Ashley. Before the levy of the execution, however, Ashley, who was an inhabitant of the State of New York, and a stranger to the plaintiff, produced a letter of credit from the defendant, who was the attorney of the creditor, in which he certified that
Ashley was fully authorized to act and give directions in respect to the collection of the execution, and that his engagements would be safe, and might be relied on for a full indemnity.
Before the payment of the proceeds of sale to Ashley, the p.aintiff required of him a bond of indemnity with a surety within this commonwealth, which Ashley promised to procure.
After these transactions, and with a full knowledge of all the facts, the original defendant voluntarily made the promise declared on ; which was, that Ashley “ should indemnify the plaintiff in the premises, and at all times save him harmless according to the terms of his engagement.”
The defendant’s counsel contend that this promise is. not binding, not being supported by a sufficient consideration.
Whatever doubts may have formerly existed as to written contracts not under seal, it is now well settled, that all executory contracts, whether verbal or written, if not under seal, are void, as between the contracting parties, unless they are made on a good consideration. But if a contract is deliberately made, without fraud, and with a full knowledge of all these circumstances, the least consideration will be sufficient.
Thus if A demises certain lands to B, rendering rent, and *384 B assigns the same to D, and rent becomes due, which D promises to pay to A, if he will show him a deed by which it may appear that rent is due, and A shows it accordingly, the promise is binding ; the showing the deed being a sufficient consideration. Sturlyn v. Albany, Cro. Eliz. 67.
So if A promises B to pay him a certain sum of money, if he will call for it at a particular time, and B calls accordingly, the promise is binding, the calling for the money being a sufficient consideration. For any gain to the promisor or loss to the promisee, however trifling, is a sufficient consideration to support an express promise.[1]
Nor is it necessary that the consideration should exist at the time of making the promise, for if the person to whom a promise is made should incur any loss, expense, or liability, in consequence of the promise, and relying upon it, the promise thereupon becomes obligatory. Thus if A promises B to pay him a sum of money if he will do a particular act, and B does the act, the promise thereupon becomes binding, although B, at the time of the promise, does not engage to do the act. In the intermediate time the obligation of the contract or promise is suspended ; for until the performance of the condition of the promise, there is no consideration, and the promise is nudum, pactum; but on the performance of the condition by the promisee, it is clothed with a valid consideration, which relates back to the promise, and it then becomes obligatory.
So if a reward be offered for the apprehension of a culprit, or for the doing of any other lawful act, the promise, when made, is nudum pactum ; but when any one relying upon the promised reward performs the condition, this is a good consideration for the previous promise, and it thereupon becomes binding on the promisor.
On these principles it would seem, that a sufficient consideration appears in this case, from the facts reported which took place subsequently to the time of the making of the promise.
*385 Aftei receiving the defendant’s promise of indemnity, tlie plaintiff returned his execution, whereby his liability became fixed, and Touro was furnished with conclusive evidence of the taking. The plaintiff has since defended an expensive suit, and has been at the expense and trouble of notifying Ashley. All this must be presumed to have been done by the plaintiff, relying on his security. Indeed the whole case shows that he considered himself as a nominal party defending for the benefit of Ashley. If he had received no security, we cannot say that he would not have compromised Touro’s suit, or abandoned the defence to save costs.
But it is not necessary to rely much upon this part of the case, because we think the promise in question is supported by much more important and satisfactory considerations.
It must be admitted, that if the plaintiff had levied Pease’s execution, and paid over the proceeds of the sale to Ashley, at the request of the original defendant, this would be a sufficient consideration for his promise afterwards made to the plaintiff to indemnify him for that act. Now we consider the defendant’s letter of recommendation in favor of Ashley as equivalent to an express request to give him credit; for we can perceive no material difference between requesting a person to do an. act, and a recommendation, the object of which is to induce him to do it. And it cannot be doubted, that this recommendation alone induced the plaintiff to take Ashley’s bond of indemnity, and to trust in his promise to procure a surety." If then the plaintiff was thus influenced, and the defendant intended thus to influence him, the letter of credit must be considered as equivalent to an. express request to trust Ashley.
It has been said that the defendant acted as the attorney of the creditor, but it might as well be said that he acted also as the attorney of the creditor in making the subsequent promise. Both were voluntary acts not required of him as an attorney. As to the first, the plaintiff relied on his veracity, and as to the second, on his responsibility.
There is also another ground on which the defendant’s promise may be sustained as a valid contract.
It appears by the defendant’s letter of October 6, 1818, *386 that Ashley, when he gave the bond of indemnity, promised t0 procure a surety, and that this promise was made known to the defendant, who thereupon undertook to fulfil Ashley’s engagement. [Here the judge recited the letter.] Thus we see that the defendant, at the request of Ashley, voluntarily placed himself in the situation of a surety, and was as effectually bound as though he had signed the bond of indemnity. The consideration which binds the principal will bind the surety also ; whether they promised jointly, or separately, at the same time, or at different times.[1] *Besides, the defendant’s undertaking, being accepted by the plaintiff, discharged Ashley’s promise to procure additional security, which alone is a sufficient consideration to support the defendant’s promise. But it is said that the plaintiff did not manifest his acceptance of the defendant’s promise[1] but he received it making no objection, and acquiesced for such a length of time, that he was unquestionably bound not to call on Ashley for further security ; which was equivalent to an express discharge.
The next question to be considered is, whether Ashley had seasonable notice of Touro’s suit.[2] This question was left to the jury upon the evidence, with instructions which were clearly correct. Whether the jury considered Touro’s judgment as conclusive on the subject of damages, does not appear, but from the amount of damages assessed it must be presumed. But if they did so consider it, we cannot say that the verdict is against evidence. Cutter testified that Ashley informed him, that he had engaged Mr. Fay to defend the suit, at the time of the sale, and the jury might have believe'! the witness, although Mr. Fay did not recollect the engage ment, for it might have escaped his recollection. But if Mr. Fay was not at that time engaged as counsel, he was certainty-consulted as to the titles to the property. Ashley knew of Touro’s claim, and had reason to believe that an action would be brought against the sheriff; he ought therefore to have made preparations for the defence. Under these circum *387 stances we are of opinion, that the notice given by Mr. Fay to Ashley three months before the final trial, was seasonable and sufficient. The plaintiff therefore has been guilty of no laches, and is entitled to full indemnity against Touro’s judgment, and his expenses in defending that suit. If the damages recovered in that action were excessive, the defendant or Ashley should have taken measures to reduce them by moving for a new trial. But to reduce the damages in this action, leaving Touro’s judgment against the plaintiff to stand, would be manifestly unreasonable.
Some objections were made to the several counts in the declaration. But on looking into the first new count, we find that the contract and the consideration, as proved at the trial, are fully and accurately set out, so that on that count the plaintiff is entitled to judgment.

Motion for a new trial overruled.

 See Chitty on Contr (3d Am. ed.) 7, and notes, and cases there cited; 2 Kent’s Comm. (3d ed.) 465; Knobb v. Lindsay, 5 Ohio R. 471; Theobald on Principal and Surety, 6, 7

 But see Theobald on Principal and Surety, 7, 8; 3 Kent’s Comm. (3d ed ) 122, 123.

 See Theobald on Principal and Surety, 25, 26.

 See 1 Stark. Evid. (5th Amer. ed.) 216, and n. 1.